-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REV. WILLIAM JOSEPH PLANK,

        Plaintiff,

    -v-                                               05-CV-6033L(P)
                                                     **ORDER**
THE MORMON CHURCHES OF THE CHURCH
OF JESUS CHRIST OF LATTER DAY SAINTS
and all parties tied into this
Organization of theifs yet showing
good Heart,

        Defendants.
_____

    Plaintiff William Joseph Plank ("plaintiff"), proceeding *pro se,* requests permission to proceed *in forma pauperis* (Docket No. 2). Since plaintiff meets the requirements necessary to proceed *in forma pauperis*, his request to proceed as a poor person is granted. However, after initial review of the complaint pursuant 28 U.S.C. § 1915, the Court finds, for the reasons discussed below, that the complaint must be dismissed.

    Plaintiff alleges that defendant The Mormon Churches of the Church of Jesus Christ of Latter Day Saints ("defendant") committed crimes, beginning in 1823 and continuing, when it based it's Book of Mormon on "ancestral teachings" of the North American Tribes (the "Tribes") without the permission of the Tribes. Specifically, plaintiff cites what appear to be to New York State Criminal Law Sections relating to, *inter alia*, criminal possession of stolen property, criminal tampering and tampering with a public record.

Plaintiff asserts that the Prophets [sic] from defendant's activities should redound to the benefit of the Tribes, and requests that the Tribes be awarded damages in the amount of three billion dollars, but no less than fifty million dollars. He also seeks to have the lands purchased by the Mormon Church turned over to the Tribes and that he be named as steward to oversee the needs of the tribal Indian peoples.

A plain reading of plaintiff's complaint reveals that there is no basis in law or fact for Federal Court jurisdiction over his claims. The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" Neitzke v. Williams, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which

> clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id*. at 327-28, 1833 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 327).

Plaintiff's allegations that defendant benefitted illegally from the proceeds of the sale of the Book of Mormon are the type of "fantastic" or "delusional" allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* FED.R.CIV.P. 15(a); *see also* Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, as is the case here.

3

Accordingly, plaintiff's complaint is hereby **dismissed** with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

```
                       _____S/ Michael A. Telesca_____
                              MICHAEL A. TELESCA
                           United States District Judge
```

Dated:   April 4, 2005
         Rochester, New York